50517-LSK

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RAHI DANIEL, | |
| Plaintiff, | No. 08 C 217 |
| v. | Hon. Judge Lefkow |
| VILLAGE OF DOLTON, and UNKNOWN DOLTON POLICE OFFICERS, | Magistrate Judge Valdez |
| Defendants. | |

### DEFENDANT VILLAGE OF DOLTON'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendant, VILLAGE OF DOLTON, by and through its attorneys, Querrey & Harrow, Ltd., and for its Answer to Plaintiff's Complaint, states as follows:

#### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on January 12, 2007 by the Defendants.

**Answer:** Defendant admits that Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and Illinois common law claims, but denies that there has been a deprivation of the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which relief may be granted.

#### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

**Answer:** Defendant admits federal jurisdiction in this matter.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

**Answer:** Defendant neither admits nor denies the allegations contained in Paragraph 3 of Plaintiff's Complaint as it lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein.

4. The Village of Dolton is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the Village of Dolton was the employer of Defendants, Unknown Dolton Police Officers. The Defendants, Unknown Dolton Police Officers ("Defendant Officers" hereafter), were at all relevant times employed by the Village of Dolton as duly appointed police officers in the Village of Dolton acting within the course and scope of their employment and under color of law.

**Answer:** Defendant admits the Village of Dolton is a municipal corporation, but denies all remaining allegations and conclusions contained in Paragraph 4 as phrased.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Answer:** Defendant neither admits nor denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as it lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein.

### Facts

6. On January 12, 2007, the Plaintiff was arrested in Dolton, Illinois by police officers employed by the Village of Dolton. He was arrested by the Defendant Officers.

**Answer:** Defendant admits that the Plaintiff was arrested in Dolton, Illinois on January 12, 2007 but denies all other allegations as phrased.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during or after his arrest.

**Answer:** Defendant denies the allegations contained in paragraph 7 as phrased.

8. At the time of his arrest, without warning or provocation, the Plaintiff was beaten by the Defendant Officers.

**Answer:** Defendant denies wrongful conduct and denies the allegations contained in paragraph 8.

9. The Plaintiff suffered bodily harm due to the manner in which he was treated by the Defendant Officers. In fact, the Plaintiff sustained injuries which have necessitated medical treatment due to the Defendant Officers' actions.

**Answer:** Defendant denies wrongful conduct and denies the allegations contained in paragraph 9.

10. Immediately before he was beaten, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was beaten, he was not violating any laws, rules or ordinances.

**Answer:** Defendant denies wrongful conduct and denies the allegations contained in paragraph 10.

11. There was no probable cause or legal justification to sue force to subdue the Plaintiff during his arrest. There was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to the Plaintiff.

**Answer:** Defendant denies any wrongful conduct and denies the allegations contained in paragraph 11.

12. The Defendant Officers' acts were intentional, willful and wanton

**Answer:** Defendant denies any wrongful conduct and denies the allegations contained in paragraph 12.

### COUNT I – 42 U.S.C. §1983
### Excessive Force-Unknown Dolton Police Officers

13. The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

**Answer:** Defendant restates and realleges by reference its answers to Paragraphs 1 through 12, inclusive, as though fully stated as its answer to this Paragraph 13.

14. As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

**Answer:** Defendant denies any wrongful conduct and denies the allegations contained in paragraph 14.

15. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**Answer:** Defendant denies any wrongful conduct and denies the allegations contained in paragraph 15.

16. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**Answer:** Defendant denies any wrongful conduct and denies the allegations contained in paragraph 16.

17. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**Answer:** Defendant denies the allegations contained in paragraph 17.

WHERFORE, Defendant, VILLAGE OF DOLTON, respectfully requests judgment in its favor and against the Plaintiff, and that Plaintiff take nothing by way of his Complaint.

### Count II – Illinois State Law
### Battery – Village of Dolton

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

**Answer:** Defendant restates and realleges by reference its answers to Paragraphs 1 through 17, inclusive, as though fully stated as its answer to this Paragraph 18.

19. As described above, employees of the Village of Dolton intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

**Answer:** Defendant denies any wrongful conduct and denies the allegations contained in paragraph 19.

20. The misconduct was undertaken by the employees of the Village of Dolton under color of law, under the course and scope of their employment as Village of Dolton Police Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**Answer:** Defendant denies any wrongful conduct and denies the allegations contained in paragraph 20.

21. Defendant Village of Dolton is liable as principal for all torts committed by its agents.

**Answer:** Defendant denies all allegations and conclusions contained in paragraph 21.

22. As a direct and proximate result of the acts of the employees of the Village of Dolton, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering and other damages.

**Answer:** Defendant denies the allegations contained in paragraph 22.

WHERFORE, Defendant, VILLAGE OF DOLTON, respectfully requests judgment in its favor and against the Plaintiff, and that Plaintiff take nothing by way of his Complaint.

### Count III – Illinois State Law
### Indemnification – Village of Dolton

23. The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

**Answer:** Defendant restates and realleges by reference its answers to Paragraphs 1 through 22, inclusive, as though fully stated as its answer to this Paragraph 23.

24. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

**Answer:** Defendant denies all allegations and conclusions contained in paragraph 24.

25. At all relevant times the Village of Dolton was the employer of the Defendant Officers.

**Answer:** Defendant denies all allegations and conclusions contained in paragraph 25.

WHERFORE, Defendant, VILLAGE OF DOLTON, respectfully requests judgment in its favor and against the Plaintiff, and that Plaintiff take nothing by way of his Complaint.

## JURY DEMAND

The Defendant demands a trial by jury.

Respectfully Submitted,

Village of Dolton

By: s/ Larry S. Kowalczyk
    One of its attorneys

Larry S. Kowalczyk, #06225367
Querrey & Harrow, Ltd.
175 W. Jackson, Suite 1600
Chicago, Illinois 60604
312-540-7000
312-540-0578 Fax

## **AFFIRMATIVE DEFENSES**

NOW COMES, Defendant, THE VILLAGE OF DOLTON, by and through its attorneys, QUERREY & HARROW, LTD., and without prejudice to the admissions and denials and other statements made in the pleadings, for their affirmative defenses, states as follows:

1. The allegations contained in Plaintiff's pending Complaint fail to state a valid cause of action upon which relief can be granted.

2. Upon information and belief, Plaintiff has failed to state a federal claim against this Defendant for the reason that the acts complained of were not caused by an official policy, practice, customary usage of this Defendant.

3. Any injury or damages suffered by the Plaintiff was the result of an independent intervening cause, and not the result of any alleged actions or omissions of this Defendant.

4. Plaintiff's state law claims are barred under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101.1.

WHEREFORE, Defendant, THE VILLAGE OF DOLTON, respectfully requests the Court dismiss Plaintiff's Complaint, with prejudice, and award Defendant its costs associated with defending this action, including attorneys' fees, together with such other and further relief this Court deems just and equitable.

Respectfully Submitted,

Village of Dolton

By: s/ Larry S. Kowalczyk
 One of its attorneys

Larry S. Kowalczyk, #06225367
Querrey & Harrow, Ltd.
175 W. Jackson, Suite 1600
Chicago, Illinois 60604
312-540-7000
312-540-0578 Fax

## **AFFIDAVIT**

I, Larry S. Kowalczyk, being first duly sworn on oath, depose and state that I am a member of the law firm of Querrey & Harrow, Ltd., and am one of the attorneys for the defendant in the above-entitled cause; and where it is stated that defendant does not have sufficient information or knowledge upon which to form a belief, such statements are true and correct except as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Respectfully Submitted,

Village of Dolton

By: s/ Larry S. Kowalczyk
    One of its attorneys

Larry S. Kowalczyk #06225367
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604
312/540-7000

Document #: 1302812