IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAHI DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   08 C 217 |
| | ) | |
| VILLAGE OF DOLTON, DOLTON | ) | Judge Lefkow |
| POLICE OFFICER GUESS, and DOLTON | ) | |
| POLICE OFFICER BANKHEAD, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, RAHI DANIEL, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Amended Complaint against the Defendants, VILLAGE OF DOLTON, DOLTON POLICE OFFICER GUESS, and DOLTON POLICE OFFICER BANKHEAD, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on January 12, 2007 by the Defendants.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

1

4. The Village of Dolton is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the Village of Dolton was the employer of Defendants, Dolton Police Officer Guess and Dolton Police Officer Bankhead. The Defendants, Dolton Police Officer Guess and Dolton Police Officer Bankhead ("Defendant Officers" hereafter), were at all relevant times employed by the Village of Dolton as duly appointed police officers in the Village of Dolton acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On January 12, 2007, the Plaintiff was arrested in Dolton, Illinois by police officers employed by the Village of Dolton. He was arrested by the Defendant Officers.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest.

8. At the time of his arrest, without warning or provocation, the Plaintiff was beaten by the Defendant Officers.

9. The Plaintiff suffered bodily harm due to the manner in which he was treated by the Defendant Officers. In fact, the Plaintiff sustained injuries which have necessitated medical treatment due to the Defendant Officers' actions.

10. Immediately before he was beaten, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was beaten, he was not violating any laws, rules or ordinances.

11. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest. There was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to the Plaintiff.

12. The Defendant Officers' acts were intentional, willful and wanton.

## COUNT I- 42 U.S.C. §1983
### Excessive Force- Dolton Police Officer Guess, Dolton Police Officer Bankhead

13. The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

14. As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

15. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

16. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

17. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, RAHI DANIEL, prays for judgment in his favor and against the Defendants, DOLTON POLICE OFFICER GUESS, and DOLTON POLICE

3

OFFICER BANKHEAD, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count II- Illinois State Law
### Battery- Village of Dolton

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19. As described above, employees of the Village of Dolton intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

20. The misconduct was undertaken by the employees of the Village of Dolton under color of law, under the course and scope of their employment as Village of Dolton Police Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

21. Defendant Village of Dolton is liable as principal for all torts committed by its agents.

22. As a direct and proximate result of the acts of the employees of the Village of Dolton, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, RAHI DANIEL, prays for judgment in his favor and against the Defendant, VILLAGE OF DOLTON, awarding compensatory damages against the Defendant, as well as any other relief this Court deems just and appropriate.

### Count III- Illinois State Law
### Indemnification- Village of Dolton

23. The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

24. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

25. At all relevant times the Village of Dolton was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, RAHI DANIEL, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, VILLAGE OF DOLTON, in the amounts awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff RAHI DANIEL
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200

Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff RAHI DANIEL
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200